IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER LOPEZ, #04778-748, | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-1049-K-BK |
| | § | (CRIMINAL CASE NO. 3:07-CR-00286-K-7) |
| UNITED STATES OF AMERICA, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for audita querella was referred to the United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITH PREJUDICE**.

### I.  BACKGROUND

Petitioner Walter Lopez pled guilty to racketeering conspiracy and was sentenced to 264 months' imprisonment and a five-year term of supervised release. *United States v. Lopez*, 3:07-CR-00286-K-7 (N.D. Tex. 2008); Crim. Doc. 331. He did not file a direct appeal or a motion under 28 U.S.C. § 2255, but now seeks relief through a *pro se* pleading titled "Petition for a Writ of Audita Querela or Other Order for Relief Pursuant to the All Writs Act." Doc. 3 at 1. In it, Lopez asserts that the enhancement of his sentence under the Career Offender provision of the United States Sentencing Guidelines is unconstitutional because of an intervening change in the law, citing *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), *United States v. Herrold*, 883 F.3d 517, 529 (5th Cir. 2018) (en banc), *pets. for cert. filed* (U.S. April 18, 2018) (No. 17-1445), *and* (U.S. May 21, 2018) (No. 17-9127), and *United States v. Hinkle*, 832 F.3d 569 (5th

Cir. 2016).  Doc. 3 at 1-4.  He avers that his prior felony convictions for burglary of a habitation and delivery of a controlled substance under Texas state law no longer qualify as predicate offenses under U.S.S.G. § 4B1.1 and that he is time barred from seeking relief under 28 U.S.C. § 2255.  Doc. 3 at 5.  However, his petition fails on merits.

## II.    ANALYSIS

"The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment."  *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky,* 559 U.S. 356 (2010); *see also United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) (noting that "a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition").  Even assuming the writ survives, it "is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy."  *Miller*, 599 F.3d at 488; *see also Banda*, 1 F.3d at 356 (concluding petitioner may not seek a writ of *audita querela* if he "may seek redress under § 2255").

Here, Lopez does not challenge the judgment of conviction based on any legal defense that arose after the judgment.  Rather he contests the enhancement of his sentence based on court decisions issued after his sentencing.  However, Lopez fails to meet his burden of showing that redress is unavailable through a motion to vacate sentence under 28 U.S.C. § 2255.  *See Miller*, 599 F.3d at 487-88.

Lopez concedes that the conditions for restarting the one-year limitations period under 28 U.S.C. § 2255(f)(3) are not met in this case.  That is because *Mathis* did not set forth a new rule of constitutional law made retroactively applicable to cases on collateral review, and neither did

the decisions in *Herrold* or *Hinkle*, which were decisions the United States Court of Appeals for the Fifth Circuit rather than the Supreme Court.  *See United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018) (citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam)).  That notwithstanding, the Section 2255 remedy is still deemed to be available.  The fact that Lopez cannot meet the requirements for bringing a timely, initial Section 2255 motion does not render the Section 2255 remedy unavailable.  *See Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective" for purposes of bringing a claim under 28 U.S.C. § 2241 (emphasis in original)); *United States v. Romo*, 698 Fed. Appx. 241, 241-42 (5th Cir. 2017) (per curiam) (affirming dismissal of petition for audita querela, challenging sentence enhancement under *Mathis* and *Hinkle*, because the Section 2255 remedy was still available even though the petitioner could not satisfy the requirements for a successive Section 2255 motion).  Consequently, Lopez's petition for writ of audita querela fails as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, the petition for audita querela should be summarily **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** January 9, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).